UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re

| | |
|---|---|
| DANIEL WAYNE PRUITT<br>KIM JOHNSTON PRUITT, | Case No. 07-31620-DHW<br>Chapter 13 |
| BENNIE EARL GRIFFIN<br>PATRICIA ANN GRIFFIN | Case No. 07-10877-DHW<br>Chapter 13 |

        Debtors.

## MEMORANDUM OPINION

Curtis C. Reding, the standing chapter 13 trustee, filed a motion in the above-styled cases seeking instructions regarding the proper distribution of funds held in trust following dismissal without confirmation of a plan. Prior to dismissal, the debtors had paid funds to the trustee pursuant to their proffered plans. However, neither plan was confirmed. At issue is whether the funds should be returned to the debtors or paid to the United States pursuant to a levy of the Internal Revenue Service ("IRS"). Upon consideration of the undisputed facts, the law, and the respective briefs of the parties, the court concludes that the funds in the hands of the trustee in which the debtors have an interest are subject to the IRS levy to the extent not exempt under 26 U.S.C. § 6334.

### Jurisdiction

The court's jurisdiction over these matters is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district referring title 11 matters to the Bankruptcy Court. Further, pursuant to 28 U.S.C. § 157(b)(2)(A), this matter, which involves the administration of the estate, is a core proceeding thereby extending the court's jurisdiction to the entry of a final order.

## Stipulated Facts

The Pruitt Case

In the Pruitt case, the parties filed a joint stipulation of facts. The court adopts those facts and summarizes them as follows.

Daniel Wayne and Kim Johnston Pruitt filed this case in the United States Bankruptcy Court for the Southern District of Alabama on July 31, 2007. The case was transferred to this court on October 18, 2007.

A hearing to consider confirmation of their chapter 13 plan was held on February 25, 2008. At the conclusion of the hearing, confirmation of the plan was denied, and the chapter 13 case was ordered dismissed due to the debtors' failure to attend the scheduled meeting of creditors (Doc. #21).

During the pendency of their case, the debtors paid the trustee $2,436.65. From those funds, the trustee disbursed $40.00 as adequate protection to a secured creditor leaving $2,394.09 in the hands of the trustee.

On the date that this case was dismissed, the IRS served the chapter 13 trustee with a Notice of Levy claiming the funds. The IRS filed a claim in this case in the amount of $279,556.34.

The Griffin Case

The undisputed facts in the Griffin case are these. The Griffins filed this chapter 13 case on July 3, 2007. At the confirmation hearing, the case was ordered dismissed effective March 31, 2008. At the time of dismissal, the trustee held in trust $26,500 which had been paid by the debtors under the proffered plan. The IRS served the chapter 13 trustee with a Notice of Levy claiming the funds. The IRS filed a claim in this case in the amount of $252,964.41.

The attorney for the debtors also seeks payment of his fees from the funds on hand as an administrative expense under 11 U.S.C. § 503(b). He contends that the fees reasonably total $2,000. The IRS disputes that a claim for

2

attorney's fees trumps its claim to the funds at issue; however, the IRS has not disputed that $2,000 is a reasonable fee in this case.

## Conclusions of Law

The Bankruptcy Code specifically directs the trustee to return to the debtors monies paid by them under the plan if their plan is not confirmed. The exact text of the statute provides:

> (2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as practicable. *If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).*

11 U.S.C. § 1326(a)(2) (emphasis added).

In a prior case, this court dealt with the trustee's obligation to honor a state court garnishment in a chapter 13 case that was dismissed without plan confirmation. See *In re Davis*, 2004 WL 3310531 (Bankr. M.D. Ala. June 16, 2004) *aff'd,* Case No. 04-764-A (M.D. Ala. Nov. 16, 2004). The court noted that courts hold differing views and sided with the line of cases represented by *In re Oliver*, 222 B.R. 272 (Bankr. E.D. Va. 1998). The court held that the language of 11 U.S.C. § 1326(a)(2) is "clear and unambiguous with regard to the disposition of the funds." *Id.* at *2. The trustee has a statutory obligation to return the funds to the debtor, and this federal obligation preempts the state court garnishment statute. *Id. Davis* was affirmed on appeal. *A&M Furniture Mart, Inc., v. Reding (In re Davis)*, Case No. 04-764-A (M.D. Ala. Nov. 16, 2004).

The *Davis* case involved the resolution of conflicting state and federal statutes. However, the instant case involves the harmonization of two federal statutes – the Bankruptcy Code (11 U.S.C. § 1326) and the federal tax levy statute (26 U.S.C. § 6331). The doctrine of preemption is not applicable. The

3

Case 07-31620    Doc 29    Filed 05/15/08    Entered 05/15/08 13:46:00    Desc Main
Document      Page 3 of 7

trustee filed the instant motion for instructions because of this distinction.

26 U.S.C. § 6331 authorizes the IRS to collect a tax by levy "upon all property and rights to property" of the taxpayer except property that is exempt under section 6334. 26 U.S.C. § 6331(a). Section 6334 lists 13 categories of property exempt from levy, and the list is exclusive. 11 U.S.C. § 6334(c) provides:

> *Notwithstanding any other law of the United States* (including section 207 of the Social Security Act), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a).

11 U.S.C. § 6334(c) (emphasis added).

The IRS contends as follows. The funds held by the trustee became payable to the debtor on dismissal of the case without confirmation. 11 U.S.C. § 1326(a)(2). Once payable to the debtor, the funds were subject to levy as "property or rights to property" belonging to the debtor. The levy is not barred by the automatic stay which terminated at the dismissal of the case.[1] Because the funds do not fall within any of the categories exempt from levy, the funds should be remitted by the trustee to the IRS without deduction for an attorney's fee.

The trustee contends that the federal tax levy statute is "clearly in conflict" with the Bankruptcy Code. The tax statute makes the funds subject to levy, but the Bankruptcy Code requires the trustee to return the funds to the debtors. The debtors did not submit any law on the issue of harmonization of the two statutes.

"The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of

---

[1] Under 11 U.S.C. § 362(c)(1), the stay against property of the estate terminates when that property is no longer property of the estate. 11 U.S.C. § 349(b)(3) "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case . . ."

4

the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton v. Mancari*, 417 U.S. 535, 551, 94 S. Ct. 2474, 41 L. Ed. 2d 290 (1974). The Ninth Circuit Court of Appeals has considered reconciliation of the two statutes in *Beam v. IRS (In re Beam)*, 192 F.3d 941, 944 (9th Cir. 1999). The court noted that Congress created an exclusive list of property exempt from levy:

> We are persuaded that Congress clearly intended to exclude form IRS levy only those 13 categories of property specifically-exempted in section 6334(a). In drafting the levy authority of the Internal Revenue Service, Congress set forth in unambiguous language that "no property or rights shall be exempt from levy other than property specifically made exempt by [§ 6334](a)." 26 U.S.C. § 6334(c). *Section 1326(a)(2) of the Bankruptcy code is not listed among the 13 items exempt from levy under § 6334(a).*

*Beam,* 192 F.3d at 941. Indeed, the exemption statute states: "*Notwithstanding any other law of the United States* . . . no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." 26 U.S.C. § 6334(c). 11 U.S.C. § 1326(a)(2) cannot create an additional category of property exempt from levy. Therefore, the court concludes that the funds in the hands of the trustee are not exempt unless the funds fall into one of the 13 categories enumerated by the statute.

The Griffins make two arguments. The Griffins first contend that at least a portion of the funds is exempt under 26 U.S.C. § 6334(a)(9) which states:

> Any amount payable to or received by an individual as wages or salary for personal services, or as income derived from other sources, during any period, to the extent that the total of such amounts payable to or received by him during such period does not exceed the applicable exempt amount determined under subsection (d).

The Griffins allege that the payments made by them to the trustee during the pendency of the case were made solely from wages, salary, or other income. Therefore, the debtors allege that funds, directly traceable to wages, salary, or

5

other income, maintain their character as such. The court agrees. The debtors will be given an opportunity to provide evidence of the amount, if any, exempt from levy.

The Griffins further contend that a reasonable attorney's fee is due to be paid to their attorney under 11 U.S.C. § 503. The attorney contends that a reasonable fee is $2,000. 11 U.S.C. § 1326(a)(2) expressly states: "If a plan is not confirmed, the trustee shall return any such payments . . . to the debtor, after deducting any unpaid claim allowed under section 503(b)."

11 U.S.C. § 503(b) allows as an administrative expense "the actual, necessary costs and expenses of preserving the estate, including . . . wages, salaries, and commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A)(i). If the attorney can show that his postpetition services meet the requirements of this section, he is entitled to a reasonable fee from the funds held by the trustee.

The IRS contends that all of the funds held by the trustee are subject to levy without deduction for any administrative expense. However, the IRS has authority to levy only upon "property and rights to property" of the debtor. 11 U.S.C. § 1326(a)(2) fixes the amount payable to the debtor. Amounts payable as an administrative expense are not payable to the debtor. The amount payable to the debtor is that remaining after deduction of any administrative expense. Therefore, the IRS may levy only on this remainder.

**Conclusion**

For the above reasons, the court concludes that the funds in the hands of the trustee in which the debtors have an interest are subject to levy to the extent not exempt under 26 U.S.C. § 6334.

The Pruitts have not asserted that the funds are subject to any exemption, and counsel for the Pruitts has not claimed an administrative expense with respect to the funds. Therefore, the trustee will be authorized by separate order to honor the IRS levy in the case of Daniel and Kim Pruitt.

An evidentiary hearing will be set on the issues of the amount, if any, of

6

any exemption by the Griffins, and the amount, if any, of an attorney's fee allowable to counsel for the Griffins as an administrative expense from the funds held by the trustee in the case of Bennie and Patricia Griffin.

Done this 15th day of May, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Code

c: Debtors
   Vonda S. McLeod, Attorney for Debtors
   C. H. Espy, Jr., Attorney for Debtors
   Patricia Allen Conover, Attorney for IRS
   Curtis C. Reding, Trustee

7